MARY KACSANIK ET AL., PLAINTIFFS, v. COUNTY OF PASSAIC AND COUNTY OF BERGEN, DEFENDANTS.

Submitted February 2, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *William R. Rogers* and *Stanton T. Lawrence.*

*Contra, Aaron L. Simon (Addison P. Rosenkrans,* of counsel.)

PER CURIAM.

This is defendant's rule to show cause why a verdict in favor of Mary Kacsanik for $5,000, and a verdict for $110 in favor of her husband for damages resulting to him, should not be set aside.

The action arose out of an accident which befell Mary Kacsanik shortly after dusk on November 2d, 1929, while crossing a bridge, commonly known as the Monroe street bridge, spanning the Passaic river between the borough of Garfield in the county of Bergen and the city of Passaic in the county of Passaic. This bridge, with the erection, maintenance and repairs of which both defendants were concededly jointly chargeable in law, and which was built about a quarter of a century ago, carries a driveway thirty feet wide and a sidewalk eight feet in width on both sides of the driveway.

The evidence upon the part of the plaintiff reasonably tends to show that at the time of the accident, a steel expansion plate about four inches in width, and five-sixteenths of an inch thick, lay across the southerly sidewalk at a point twenty feet west of the Garfield entrance, and that one end of the plate was bolted to the structure of the bridge and the other free; that this plate was a part of the original construction, and when in proper position, was flush with the sidewalk, but on the night in question, and as long before as the preceding September, this plate, instead of lying level with the sidewalk was sprung and arched from one and a half to two inches above the surface of the sidewalk; that over this projection Mary Kacsanik stumbled and fell, and this suit was brought for the recovery of damages both for herself and her husband which resulted from her physical injuries occasioned by her fall.

The statutory basis of the suit is section 1309 of the "Act concerning counties" (*Pamph. L.* 1918, *p.* 567), which declares that where the board of chosen freeholders of two or more counties are chargeable by law with the construction, erection, rebuilding or repair of any bridge, and such boards shall wrongfully neglect to perform their duties in that behalf, by reason whereof any person shall receive injury or

damage in his or her person, such person may bring an action at law against such counties and recover judgment to the extent of all such damages sustained.

From what we have said we think that, notwithstanding defendants' contention to the contrary, the trial judge rightly denied defendants' motion to nonsuit and their motion for the direction of a verdict. It was not necessary that plaintiff should prove that the defendants had actual notice of the defect in the bridge. The open and notorious continuance of the defective and dangerous condition for upwards of a month prior to the injuries was sufficient to warrant the jury in charging the authorities with notice thereof the same as if they had received actual notice. *Freeholders* v. *Hough*, 55 *N. J. L.* 628; *Creighton* v. *Freeholders of Hudson*, 70 *Id.* 350.

We think also that the verdict was not against the great weight of the evidence. The essential facts with respect to the defects in the bridge were substantially proven on the part of the plaintiff by the testimony of eight witnesses, most of whom were entirely disinterested; and that the plaintiff was injured in the manner in which she contends we think was amply demonstrated by the evidence.

But we think the verdict of $5,000 in favor of the plaintiff Mary Kacsanik was excessive. She sustained a broken arm just above the wrist and perhaps some other slight injuries. She went immediately to a physician and the arm was set and she was treated by the physician at her home for three weeks and thereafter went to him and to another doctor for massage and electrical treatment. It clearly appeared that the setting of the arm was a perfect piece of work, but the after effects seem to have required more or less massage and electrical treatment. The expenses for such treatment are fairly represented by the verdict in favor of the husband for $110.

While there may be possibly more or less limitation in the functioning of the wrist, we think that the verdict for $5,000 is plainly excessive.

The rule to show cause so far as the husband is concerned will be discharged. The rule to show cause so far as the wife is concerned will be discharged if she will agree to a reduction of the verdict to $2,500; otherwise the rule will be made absolute in her case.